AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**SEBRON FLEMING**

    Defendant.

Criminal Complaint

CASE NUMBER: 08-82-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 28, 2008, in the District of Delaware, Defendant **SEBRON FLEMING** did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am a(n) Special Agent, ATF and that this complaint is based on the following facts:

**See attached Affidavit**

Continued on the attached sheet and made a part hereof: **Yes**

_____
Jason M. Kusheba, Special Agent, ATF

Sworn to before me and subscribed in my presence,

April 17, 2008     at     Wilmington, DE
Date                                   City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer           Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your Affiant's law enforcement career, your Affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your Affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. Your Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your Affiant's personal knowledge. Since this affidavit is for the purpose of establishing probable cause, not all facts related to this investigation are included herein. The seizure of all the below stated evidence occurred on February 28, 2008, in the City of Newark, State and District of Delaware.

3. On or about February 26, 2008, your Affiant and a Wilmington Police (WPD) Detective (Det.) interviewed a Confidential Informant (CI) who stated that he/she can purchase a shotgun from an individual known as "Buddha". The CI stated that "Buddha" is approximately 30 years of age from the Brookside section of Newark, DE and described him as a "junkie". The CI stated that "Buddha" drives a Cadillac or a Lincoln.

4. On or about the same date, your Affiant queried the Delaware Justice Information System (DELJIS) nickname database in an attempt to identify "Buddha". At that time, your Affiant tentatively identified "Buddha" as SEBRON FLEMING, white male, hereinafter referred to as the defendant.

5. On or about 02/27/2008, your Affiant and a WPD Detective interviewed the CI regarding the defendant. At that time the CI positively identified the defendant as the individual he knows as "Buddha".

6. A review of the defendant's criminal history in DELJIS and the National Crime Information Center (NCIC) shows that he is prohibited from possessing firearms, having been convicted of Assault in the 2nd Degree, in the New Castle County Superior Court, State of Delaware, from on or about March 8, 2001, a crime punishable by a term of imprisonment exceeding one year.

7. On or about February 28, 2008, at approximately 1237 and 1243 hours, the CI made two consensually monitored calls to the Defendant in the presence of your Affiant and a WPD Detective. During those two telephone calls, the defendant agreed to meet the CI at Fireside Park, Newark, DE at approximately 1630 hours, for the purpose of selling the CI a shotgun.

8. On or about the same date, at approximately 1600 hours, your Affiant and a WPD Detective met with the CI. At that time, the CI was accompanied by his/her significant other who had driven the CI to the meeting. At that time, the CI, the CI's significant other, and the CI's vehicle were searched for contraband with negative results. Your Affiant then secreted a transmitter/recorder on the CI in order to capture a recording of the transaction. Your Affiant also provided the CI with $100 of ATF Agent Cashier funds to make the purchase of the shotgun.

9. On or about the same date, at approximately 1617 hours, your Affiant and a WPD Detective followed the CI and his/her significant other in their vehicle to the predetermined meet location at Fireside Park. At approximately 1628 hours the CI left his vehicle and went on foot into the park to meet the target. At approximately 1651 hours, surveillance units observed a tan/silver Cadillac arrive and park in the area of MacCay and Martindale Streets, Newark, DE.

10. Surveillance units were then able to observe the following series of events. Upon arrival to Fireside Park, the defendant was observed exiting the driver side of the aforementioned vehicle to meet the CI. After greeting each other, the CI and defendant proceeded to the trunk of the defendant's vehicle. The CI and the defendant were then observed looking into the trunk of the defendant's vehicle. The CI then took a long dark case from the trunk of the Defendant's vehicle. The CI and the Defendant then shook hands and the defendant departed the area in the Cadillac. The CI then walked back to his/her vehicle with the long dark case.

11. Immediately following the transaction, your Affiant and a WPD Detective met with the CI to recover all property and evidence. At that time, your Affiant retrieved a black case from the CI that contained the following firearm: A Crescent Firearms, side-by-side model, 16-gauge shotgun, no serial number. Your Affiant also obtained the transmitter/recorder from the CI that contained a recording of the transaction.

12. At that time, your Affiant and a WPD Detective also questioned the CI regarding the transaction. The CI confirmed that he/she had purchased the aforementioned shotgun for $100 from the individual he/she previously identified as "Buddha".

13. From your Affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your Affiant knows that based on a description of the above mentioned firearm, it was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce

14. Based upon your Affiant's training and experience, your Affiant submits that there is probable cause to believe that based on a description of the above-mentioned seized firearm, it contains the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

15. Wherefore, based upon your Affiant's training and experience, your Affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint and arrest warrant charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 17th day of April, 2008

_____
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware