# UNITED STATES DISTRICT COURT

District of     DELAWARE

UNITED STATES OF AMERICA
V.
SEBRON FLEMING,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-82-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X clear and convincing evidence   X a preponderance of the evidence that

    Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during the detention hearing, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

    The Court has reached these conclusions based on the following findings and for the following reasons:

<u>the nature and circumstances of the offense:</u> the Defendant is accused of being a felon in possession of a firearm. Specifically, the Defendant allegedly sold a shotgun, with no serial number, to a confidential information working with law enforcement. The Defendant has given a statement to law enforcement admitting to the sale of this shotgun as well as a prior sale of a shotgun to the same CI. The CI used one of the shotguns to commit suicide.

<u>the weight of the evidence:</u> is strong. The Defendant waived his right to a preliminary hearing, so probable cause is not contested. As noted, the Defendant gave a statement admitting to selling to the CI the shotgun identified in the affidavit supporting the complaint as well as another shotgun. There is no dispute that the Defendant had previously been convicted of felony offenses of assault second, maintaining a dwelling for keeping controlled substances, and burglary third. There is also no dispute that the firearm traveled in interstate commerce prior to the Defendant's alleged possession of it.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: the Defendant has three prior felony convictions and two misdemeanors, including unlawful sexual contact (which requires him to register as a sex offender). He has at least 4 prior violations of probation and several failures to appear. On the other hand, he has a relatively stable employment history and his employer is willing to keep him on despite his current charges. He is a lifelong resident of Wilmington. He has the strong support of his girlfriend, who is pregnant with his child (and to whose 5 year-old he has become a father figure) and his mother, both of whom spoke eloquently on his behalf in Court. He has the support of other neighbors and family as well, some of whom wrote the Court letters.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm, who admitted to selling at least two shotguns, who has a prior record including violence, the Defendant would pose a danger to the community if released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

APRIL 21ST, 2008
Date

Signature of Judge
Hon. Leonard P. Stark
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).